(No. 34581.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE BERRYMAN, Plaintiff in Error.

*Opinion filed March 20, 1958.*

LAWRENCE BERRYMAN, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Lawrence Berryman was charged with murder in the criminal court of Cook County. He pleaded not guilty and waived a jury trial. He was found guilty and sentenced

to a term of 25 years in the penitentiary. He brings this writ of error to review the judgment of conviction.

The defendant testified, and he admitted that he fired the shot that killed Ira Lee Robinson during an altercation about five dollars that Robinson owed the defendant. Defendant's testimony was that some weeks before the shooting Robinson had undertaken to clean the upholstery of defendant's car, and defendant had paid him five dollars to do so. Robinson did not clean the upholstery, and did not return the money. When defendant asked Robinson for it on the day of the shooting Robinson cursed him in vile terms and followed him to the street from the house where Robinson had been playing in a card game that defendant and others operated. According to the defendant's testimony, Robinson continued to follow him and to call him vile names, and said he "had no good blood for me," and "I would kill him or anyone." When Robinson put his right hand in his pocket, defendant pulled out his gun and shot him. The defendant went at once to the home of his wife, left the gun there, and then went to the police station where he surrendered himself.

The defendant's testimony at the trial to the effect that he fired the shot because he was under the impression that Robinson "might kill me or hurt me," is rebutted by a signed statement that he made to the police officers when he surrendered himself shortly after the shooting, and by another statement that he gave to an assistant State's Attorney the following day. In each of these statements he attributes his act to his own anger which stemmed from the deceased's refusal to repay him when he had money enough to do so, and from the vile names the deceased called him. In each of them he stated that when he left the house followed by Robinson he walked across the street to his car, picked up his gun from the front seat and then shot Robinson. In neither statement is there anything to suggest that he acted in self-defense.

The defendant attacks these statements on the ground that the first statement was altered and the second was unsigned. There was no testimony at the trial suggesting that the first statement was altered. The fact that the second was unsigned does not make it inadmissible. (*People* v. *Dogoda,* 9 Ill.2d 198, 202.) It was proved by the testimony of the court reporter who took it. It bore the initials of the defendant in the margin opposite corrections made in ink upon the typewritten statement. There was no claim at the trial that either statement was coerced. They were properly admitted in evidence.

The shooting took place on Forty-fifth Street in Chicago shortly after 2:00 P.M. There were two eyewitnesses who testified that their attention was first attracted by the defendant's loud cursing as he demanded his money from the deceased, that the deceased offered the defendant three dollars but defendant refused it and shot the deceased. The defendant himself testified that the deceased said, "Here's three dollars," but that he said it after the defendant had shot him.

There was ample evidence to establish defendant's guilt beyond a reasonable doubt. He was represented by counsel of his own choice, and the record refutes the contention that his counsel was either incompetent or incapacitated by illness. The contention that the conviction rests upon perjured testimony suborned by the prosecution is based upon what the defendant regards as discrepancies in the testimony of the two eyewitnesses. A careful examination of the record has satisfied us that the trial judge was warranted in accepting their version of the occurrence in preference to that which the defendant advanced for the first time upon the trial.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*